UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| J & J SPORTS PRODUCTIONS, INC. | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| *vs.* | ) | 1:08-cv-00736-JMS-WTL |
| | ) | |
| ZEFERINO ALVAREZ and SABOR BOHEMIO, | ) | |
| LLC, | ) | |
| *Defendants.* | ) | |

## ORDER

In its ruling on Plaintiff's previous Motion for Partial Summary Judgment, the Court held that Plaintiff had established as a matter of law that Defendants violated 47 U.S.C. § 605(a), albeit non-willfully, by exhibiting a boxing match broadcast on a satellite network without first obtaining the proper license to do so.  [Dkt. 40.]  With liability thus established, the Court directed Plaintiff to file a motion for summary judgment regarding damages, which Plaintiff has done. [Dkt. 41.]  That new Motion for Summary Judgment is now before the Court for ruling.

**A.  Damages**

Where, as here, a plaintiff has established a violation of 47 U.S.C. § 605(a), the aggrieved plaintiff has an election of remedies.  The plaintiff can choose to recover its "actual damages" plus "any profits of the violator that are attributable to the violation," or the plaintiff can request statutory damages of between $1,000 and $10,000, in an amount "as the court considers just." 47 U.S.C. § 605(e)(3)(C)(i)(I)-(II).[1]  In this case, Plaintiff has elected to pursue statutory

---

[1] The Court may reduce a damage award "to a sum of not less than $250" if the "court finds that the violator was not aware and had no reason to believe that his acts constituted a violation."  *Id.* at § 605(e)(3)(C)(iii).  The Court will not consider whether a reduction under this section would be appropriate because Defendants have made no argument that this provision applies here, [*see* dkt. 45 at 10 (requesting the imposition of only $1,000 in damages against each Defendant)].

- 1 -

damages, and requests that the Court award the maximum allowable amount against each Defendant.  [Dkt. 41 at 6.]

"Absent competent evidence that would suggest that[a] defendant acted egregiously, a court should not award the highest possible damages."  *Buckeye Cablevision, Inc. v. Sledge*, 2004 U.S. Dist. LEXIS 7578, *6 (N.D. Ohio 2004) (citations omitted).

As Defendants correctly note, Plaintiff has failed to come forth with any evidence that Defendants behaved "egregiously."  Defendants are apparently first time violators, who actually had a license for the program at issue—just the wrong one.  [*See* dkt. 40 at 4.]  They didn't charge their patrons to watch the program, [dkt. 31-1], and Plaintiff hasn't presented evidence that they advertised their exhibition of the program to the general public.  The latter may explain the rather meager number of patrons (between 35 and 37) whom Plaintiff's agent observed at Defendants' establishment during the broadcast, [dkt. 31-1 at 16].  Additionally, the Court notes that Defendants took responsibility for their violation by not contesting their liability (just the amount of damages).  [*See* dkt. 39.]

Based upon the circumstances presented, the Court concludes that assessing Defendants the minimum amount of statutory damages—$1,000 each—is appropriate.[2]

**B.  Attorney's Fees and Costs**

Having successfully established a violation of 47 U.S.C. § 605(a), Plaintiff is entitled to "recovery of full costs, including reasonable attorneys' fees."  47 U.S.C. § 605(e)(3)(B)(iii). Plaintiff has requested a total of $3,757.25 in fees and costs, to be divided equally between the Defendants.  [Dkt. 41 at 11.]

---

[2] This amount will also make Plaintiff slightly more than whole.  The $2,000 in statutory damages plus the amount that Defendants originally paid to obtain their license will exceed the $2,000 fee that Defendants would have had to pay to obtain the correct license originally.  [Dkt. 32 at 17.]

Defendants claim that any fees and costs incurred after May 6, 2009 are unreasonable, and thus unrecoverable, because Plaintiff failed to mediate this case.  [Dkt. 45 at 11.]  That date is the day after Defendants responded to requests for admission and interrogatories, conceding liability.  [*See* dkt. 31-2.]  Accordingly, Defendants request that the fee and cost award be limited to $2,002.50.

Had Plaintiff mediated this matter after receiving Defendants' discovery responses, Defendants would have paid far more than the extra $1,754.75 in fees that Defendants complain about here.  Plaintiff's counsel would have incurred costs to travel from New York to Indianapolis and would have participated in the mediation at her $200 hourly rate, amounts that Plaintiff would have expected Defendants to pay given that they had admitted liability.  Additionally, to reach a settlement at the mediation, Defendants would likely have had to pay more than the statutory minimum, to reflect the risk (1) that the Court might exercise its discretion to assess each Defendant the full $10,000 in statutory damages and (2) that the Court might find Defendants' violation to have been willful, thereby authorizing up to $100,000 per Defendant in enhanced statutory damages, *see* U.S.C. § 605(e)(3)(C)(ii).

Defendants don't suggest (and the Court doesn't find) that Plaintiff's counsel was inefficient with her time or charged an unreasonable hourly rate.  Given that any failure to mediate caused no harm to Defendants, and most probably actually saved Defendants money, the Court declines to reduce the fee award because there was no mediation.[3]

---

[3] Alternatively, even if the additional $1,754.75 would have been avoided because of a mediation, the Court would order each Defendants' statutory damage assessment increased by one-half of that amount, to promote both specific and general deterrence of future violations of the statute, *see J & J Sports Prods. v. Betancourt*, 2009 U.S. Dist. LEXIS 96848, *10 (S.D. Cal. 2009) (doubling the statutory minimum to promote deterrence).

CONCLUSION

Plaintiff's Motion for Summary Judgment is **GRANTED IN PART** and **DENIED IN PART.**  Defendant Zeferino Alvarez shall be assessed damages and costs in the amount of $2,878.62.  Defendant Sabor Bohemio, LLC shall be assessed damages and costs in the amount of $2,878.63

12/17/2009

Jane Magnus-Stinson
United States Magistrate Judge
Southern District of Indiana

**Distribution via ECF only:**

Keith Gerald Blazek
CRAVEN, HOOVER & BLAZEK, P.C.
kblazek@chblawfirm.com

Julie Cohen Lonstein
LONSTEIN LAW OFFICE
info@signallaw.com